# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT
# WESTERN DIVISION

TABITHA SPICER, et al,

        Petitioners,

vs.

DAVID POWELL, et al,

        Respondents.

Case No. 4:25-mc-00691-FJG

## ANSWER OF RESPONDENTS DAVID POWELL AND ROBERT KING WITH OPPOSITION TO PETITION FOR ORDER FOR RULE 27(a) DEPOSITION

COME NOW Respondents Robert King and David Powell, by counsel, and for their answer to Petitioners' Petition for Order for Rule 27(a) Deposition suggestions in opposition, state and allege as follows:

1. Mr. Powell and Mr. King admit they are two former Ray County Commissioners of a three panel commission who served as such during the 2021-2023 time period but oppose the issuance of an Order for their 27(a) depositions as there are more reliable sources and less intrusive means of obtaining the information allegedly sought by Petitioners and the sole purpose of these depositions is not to prevent a failure or delay of justice but rather to embarrass and harass former public servants Powell and King.

2. Mr. Powell and Mr. King do not oppose a hearing but believe such a hearing is not necessary under the circumstances of the case.

1

3. Mr. Powell and Mr. King cannot confirm the current residences of the Petitioners but have no basis and do not deny the accuracy of the information contained in paragraph 3 of the Petition.

4. Mr. Powell and Mr. King have no way of knowing the dates or even the years during which Petitioners were incarcerated at the Ray County Jail and have no personal knowledge of Petitioners being subjected to any of the conditions alleged in paragraph 4 of the Petition. It is not alleged Mr. Powell or Mr. King personally subjected Petitioners to the conditions alleged, and therefore deny any personal liability for the alleged conditions.

5. Petitioners' counsel has made requests for documents pursuant to Missouri's Open Records Act (Sunshine requests) to Ray County and the County has provided records from which Petitioners have ascertained the identity of individuals responsible for jail conditions during the relevant time period. In fact, Petitioners' Counsel has made settlement demands to Ray County and has specifically named individuals believed by Petitioners' counsel to be responsible for the alleged jail conditions. The County has been labeled as specifically having liability as well as individuals Sheriff Scott Childers, jail administrator Bob Swindler, and staff Evan Bates, Sky Blenn, Melanie Pumphrey and others. Petitioners have more than sufficient information to have filed suit for the claims to be asserted by Petitioners.

6. David Powell is of advanced age, has a progressive illness that affects him physically to the point he no longer drives and has long and short-term memory issues. Requiring him to sit for a deposition is unnecessary in that the information he might still remember can be obtained from other sources, including individuals of whom Petitioners

are already aware. To show a perpetuation of testimony may prevent a failure or delay of justice, a petitioner "must demonstrate a need for [the testimony or evidence] that cannot easily be accommodated by other potential witnesses." *Application of Deiulemar Compagnia Di Navigazione S.p.A. v. M/V Allegra*, 198 F.3d 473, 486 (4th Cir. 1999) (*citing Penn Mut. Life Ins. v. United States*, 68 F.3d 1371, 1375 (D.C.Cir.1995)). The testimony to be perpetuated must be relevant, not simply cumulative, and likely to provide material distinctly useful to a finder of fact. *Id.* (*citing In re Bay County Middlegrounds Landfill Site*, 171 F.3d 1044, 1047 (6th Cir.1999)). Rule 27 was not designed to maximize the convenience of prospective litigants, but rather to prevent a failure or delay of justice. *Petition of Rosario*, 109 F.R.D. 368, 371 (D. Mass. 1986).

7. Robert King is of advanced age, has a history of heart related issues, he no longer drives and has long and short-term memory issues. Requiring him to sit for a deposition is unnecessary in that the information he might still remember can be obtained from other sources, including individuals of whom Petitioners are already aware. As pointed out in paragraph 6 above, the testimony to be perpetuated must be more than cumulative and likely to provide material distinctly useful to the person seeking to perpetuate the testimony. Petitioners fail to allege the existence of any unique facts available only from Powell and/or King.

8. Powell and King have no personal knowledge of the Ray County Jail's day-to-day operations and conditions specific to the incarceration of the Petitioners. The information they might still remember can be obtained from other sources, including individuals of whom Petitioners are already aware. The vast majority of Powell and King's

knowledge comes from information provided by the Sheriff and Department staff, again the identity of whom Counsel for Petitioner already has or is available without the need for depositions of Powell and King.

9. a. Powell did during his tenure tour the jail but has no memory of when. He has no memory of any HMN Architects report given either in writing or verbally. The information contained in HMN Architects report speaks for itself, Petitioners have a copy of same and the individuals with personal knowledge of the accuracy of the information contained in the report is not Powell. All is equally true regarding Powell's memory of the report by Septagon Construction. Powell has no memory of the actions taken in response to either report, again other witnesses of whom Petitioners and Counsel are aware likely have the information sought. Although King recalls visiting the jail on one occasion he has even less of a memory than does Powell regarding jail conditions and reports by HMN and Septagon.

b. Powell and King have no specific memory of the structure of the jail facility and information they might have had would have come from the Sheriff or Sheriff Department staff. The individuals with personal knowledge regarding the structure or the jail are known to Petitioners and their Counsel.

c. Powell and King have no memory of specific issues experienced by Petitioners with AC and ventilation at the jail or when such issues may have arisen. Again, the Sheriff and Sheriff Department staff would have firsthand knowledge and the individuals with personal knowledge regarding AC and ventilation of the jail are known to Petitioners and their Counsel.

4

d. Powell and King have no memory of specific issues experienced by Petitioners regarding alleged lack of medical care. Again, the Sheriff and Sheriff Department staff would have firsthand knowledge and the individuals with personal knowledge medical care at the jail are known to Petitioners and their Counsel.

e. Powell and King have no memory of specific issues experienced by Petitioners regarding sanitation. Again, the Sheriff and Sheriff Department staff would have firsthand knowledge and the individuals with personal knowledge of sanitation issues are known to Petitioners and their Counsel.

f. Powell and King have no memory of specific issues experienced by Petitioners regarding ants, gnats and spiders or of spider bites. Again, the Sheriff and Sheriff Department staff would have firsthand knowledge and the individuals with personal knowledge of these alleged issues at the jail are known to Petitioners and their Counsel.

g. Powell and King have no memory of specific issues experienced by Petitioners regarding alleged mold. Again, the Sheriff and Sheriff Department staff would have firsthand knowledge and the individuals with personal knowledge of these alleged issues at the jail are known to Petitioners and their Counsel.

h. Powell and King have no memory of specific issues experienced by Petitioners regarding lack of cleaning supplies. Again, the Sheriff and Sheriff Department staff would have firsthand knowledge and the individuals with personal knowledge of cleaning supplies at the jail are known to Petitioners and their Counsel.

i. Powell and King have no memory of specific issues experienced by Petitioners regarding alleged cleaning supply retaliation. Again, the Sheriff and Sheriff

Department staff would have firsthand knowledge and the individuals with personal knowledge of these alleged issues at the jail are known to Petitioners and their Counsel.

    j.  Powell and King have no memory of specific issues experienced by Petitioners regarding lack of heat during winter months. Again, the Sheriff and Sheriff Department staff would have firsthand knowledge and the individuals with personal knowledge regarding heating at the jail are known to Petitioners and their Counsel.

    k.  Powell and King have no memory of specific issues experienced by Petitioners regarding alleged disparate treatment. Again, the Sheriff and Sheriff Department staff would have firsthand knowledge and the individuals with personal knowledge of alleged disparate treatment at the jail are known to Petitioners and their Counsel.

  10. a.  Powell and King have no memory of specific issues experienced by Petitioners regarding alleged retaliation. Again, the Sheriff and Sheriff Department staff would have firsthand knowledge and the individuals with personal knowledge regarding alleged retaliation at the jail are known to Petitioners and their Counsel.

  11. While Powell and King may have some limited memory of some of the general issues of concern to Petitioners there are other sources of direct information and there is no need to place former public servants Powell and King under a microscope given their health issues other than to harass and embarrass Powell and King due to their lack of memory. Plaintiff has failed to establish why or what testimony from Powell and King is necessary when there are other more direct sources of information. Petitioners' representations that they are not prepared to or cannot file suit without the depositions of

6

King and Powell is both disingenuous and an abuse of Rule 27(a). The court need only look at the separate demand letters sent to the County to appreciate Petitioners are prepared to file suit (**Exhibit 1**) at any time. Rule 27 has generally been utilized to obtain testimony from a witness who may be unavailable by the time the suit can be filed and **whose testimony is not reproducible from other witnesses**. (emphasis added) *Bryant v. Am. Fed'n of Musicians of the U.S. & Canada*, No. 14 CV. 2598 PAC MHD, 2015 WL 3644075, at *8 (S.D.N.Y. June 1, 2015).[1] Absent a clear showing of both of these prongs, Courts routinely reject Rule 27 applications. *Id.* (*See also Penn Mut. Life Ins. Co.*, 68 F.3d at 324; *In re Certain Inv. in EFT Holdings Inc. to Perpetuate Testimony of Mr. Jack Qin Under FRCP Rule 27*, No. CV 13-0218 UA SS, 2013 WL 3811807, at *5 (C.D. Cal. July 22, 2013); *United States v. Int'l Longshoremen's Ass'n*, 2007 WL 2782761, *1 (E.D.N.Y. Sept.24, 2007). In this case Petitioners have failed to establish the second necessary prong and the Court should reject Petitioners Rule 27 request.

WHEREFORE having answered Petitioners Petition for Order for Rule 27(a) Deposition, Dave Powell and Bob King respectively request Petitioners' Petition be denied.

---

[1] *Report and recommendation adopted sub nom. Bryant v. Am. Fed'n of Musicians of the US & Canada*, No. 14 CIV. 2598 (PAC) (HBP), 2015 WL 7301076 (S.D.N.Y. Nov. 18, 2015), *aff'd sub nom. Bryant v. Am. Fed'n of Musicians of the United States & Canada*, 666 F. App'x 14 (2d Cir. 2016).

Respectfully submitted,

**FISHER, PATTERSON, SAYLER & SMITH, LLP**

/s/ Steven F. Coronado

| Steven F. Coronado | MBN 36392 |

9393 W. 110th, Suite 300
Corporate Woods, Bldg. 51
Overland Park, KS 66210
Telephone: (913) 339-6757
Facsimile: (913) 660-7919
scoronado@fpsslaw.com

ATTORNEY FOR RESPONDENTS

## CERTIFICATE OF SERVICE

I hereby certify the above and foregoing was filed with the Court through its electronic filing system on September 15, 2025, which will send electronic notification to:

Jean Peters Baker  #47238
4050 Pennsylvania, Suite 115
Kansas City, MO 64111
Attorneys for Petitioners

/s/ Steven F. Coronado
Attorneys for Respondents