IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| Tabatha Spicer, *et al.*, | ) |
| | ) |
| Petitioners, | ) |
| | ) |
| v. | ) Case No. 25-mc-00691-FJG |
| | ) |
| David Powell, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**Petitioners' Reply to Respondents' Answer**

Petitioners, through counsel, submit the following Reply to Respondents' Answer Opposing Petitioners' Rule 27 Petition.

Respondents raise to two issues material to Petitioners' Rule 27 Petition: (1) whether Petitioners are currently unable to bring their 42 U.S.C. § 1983 suit alleging conditions of confinement claims pursuant to the 8th and 14th Amendments; and (2) whether Respondents' testimony is uniquely material and not cumulative.

Are Petitioners currently unable to bring suit?

In their Petition, Petitioners stated that they are unable to bring suit, because they are awaiting responses to sunshine law requests that will determine the identities (first and last names) of the persons who subjected them to the jail conditions giving rise to their anticipated lawsuits.

Collectively, Petitioners recalled a single individual staff member, who subjected them to the alleged jail conditions, by his first and last name: Bob Swindler, but aside from Mr. Swindler, Petitioners recalled only the first names of four staff members, who subjected them to the alleged jail conditions: Sky, Evan, Tony, and Melanie. In addition, Petitioners identified four other staff members by general description, but could not recall first or last names.

1

With that information, Petitioners' counsel conducted a pre-suit investigation to determine the last names of Melanie, Sky, Evan, and Tony. After reviewing Ray County Commission meeting minutes for the years 2021-2024, Petitioners' counsel discovered the name "Melanie Pumphrey" who appeared to be a staff member of the Ray County jail during the relevant time frame. For the remainder, Petitioners' counsel searched the website https://govsalaries.com/salaries/MO/ray-county, which did not appear to be an official government website, but nonetheless, contained the names "Sky Glenn," "Anthony Lamar," (presumably "Tony" is short for Anthony), and "Evan Bates," as Ray County, Missouri employees during the relevant time frame. After Petitioners' counsel presented Petitioners with these first and last names, two Petitioners confirmed that "Evan Bates," was the correct first and last name; but none of the Petitioners were confident of the remainder.

In their Answer, Respondents point to some of the Petitioners' demand letters wherein they identified the above-four individuals as defendants. However, a demand letter is not subject to the same restrictions and scrutiny as a pleading in federal court when identifying defendants. For example, in *Petition of Alpha Industries, Inc*., 159 F.R.D. 456 (S.D.N.Y. Jan. 19, 1995), the district court ruled that petitioner was unable to bring suit, because petitioner had not yet identified the potential defendants in its anticipated lawsuit. *Id*. at 456-57. In granting Petitioner's Rule 27 Petition, the court in that case noted "…Federal Rule of Civil Procedure 11 prohibits petitioner from bringing an action either against all of its many distributors—four in the U.S. and over a dozen worldwide—where it does not know the identity of the distributor(s) who may be in breach of the agreement with petitioner…" *Id*. at 457. Certainly, "[i]mproperly naming a party in a suit justifies Rule 11 sanctions when joining the party [is] baseless or lacking in plausibility." *Black*

2

*Hills Institute of Geological Research v. South Dakota School of Mines and Technology*, 12 F.3d 737, 745 (8th Cir. 1993) (internal quotation marks omitted).

While Petitioners' counsel believes in good faith that these four were the appropriately named staff members when identifying them in the Petitioners' demand letters, to date, Ray County, Missouri's counsel has neither denied nor confirmed whether these four individuals ever worked for the Ray County, Missouri jail. Moreover, there are an additional four individual staff members, believed to be defendants in the anticipated lawsuit of many of the Petitioners, but Petitioners have yet to determine their identities. To that end, Petitioners await two outstanding sunshine law requests, which they believe will shed light on the matter:

(1) On July 1, 2025, Petitioners made a sunshine law request for all complaints of all detainees against Ray County jail staff from 2021 to 2024; and

(2) On July 9, 2025, Petitioners made a sunshine law request for records relating to responses of ambulances and police to the Ray County, Missouri jail in July and August 2024.

As to the first sunshine law request, many Petitioners made complaints against specific jail staff members and against jail staff members in general, while incarcerated at Ray County jail. A copy of their and others' complaints will, or at least, should, contain a response by the jail staff members against whom the complaint was made or against whom the general complaint was directed. As to the second sunshine law request, the summer of 2024 is at the heart of some of these Petitioners' claims, because the soaring heat inside the jail created conditions wherein an ambulance and outside law enforcement responded to the jail on an emergency basis due to the heat on at least one occasion during that time frame. Some of the Petitioners were incarcerated at this time, but have not been able to identify jail staff members, for various reasons, who heard their

cries and screams for help, but refused to assist them. Petitioners believe Ray County records will identify those jail staff members.

Petitioners cannot currently bring suit, because they have not yet identified all the individual defendants, and they want to confirm through documentation from Ray County the last names of Melanie, Tony, and Sky.

<u>Is Respondents' testimony uniquely material and not cumulative?</u>

Respondents Powell and King have uniquely material testimony, which is not cumulative. First, both are in the position of county commissioners—the top of the food chain, so to speak, in Ray County, who made the decisions whether to fund a new jail and whether to fund necessary repairs to the jail. Secondly, both have first-hand knowledge of the Ray County jail conditions, arising from their positions as county commissioners: both made personal visits to the jail; both hired an architecture firm and construction firm to issue reports to the Commission concerning the jail conditions; both had continuous discussions with Sheriff Childers and others from the jail concerning the jail conditions; and both had the decision-making power to fund a new jail and/or approve or deny expenditures for significant and necessary repairs to the jail. No one else had that decision-making power except the Ray County Commission. And no one, except Powell and King, can answer this question: knowing what you knew about the inhumane jail conditions, why didn't you make any reasonable efforts to alleviate those conditions, when you were the only ones who had the power to do so?

Specifically, as it relates to Powell, it is believed he personally toured the jail two times: once in 2021 and once in the summer of 2024. In the summer of 2024, women detainees, desperate to get relief from the scorching heat inside the jail, contacted a family member of Powell's and requested emergency assistance. It is believed that that family member contacted Powell, and

4

Case 4:25-mc-00691-FJG    Document 8    Filed 09/17/25    Page 4 of 6

Powell then responded to the jail. It is further believed that due to Powell's visit to the jail and his observation of the life-threatening heat conditions in the women's pod, he had the women detainees, including five Petitioners, removed from the Ray County jail on an emergency basis, for about one week. Only Powell can offer testimony about his experience and what led him to declare an emergency on this occasion.

Specifically, as it relates to King, after touring the jail in or around October 2021, King issued a statement to the media that he knew the jail was not safe, presumably, in large part, arising from his personal tour of the jail. Only King can provide testimony about his observations of the jail and what led him to conclude the jail was not safe, as far back as October 2021.

Petitioners are not aware of any other Ray County commissioner touring the Ray County jail from 2021 through 2024, other than King and Powell. Their personal knowledge of the jail conditions and subsequent refusal in funding any type of fix for the jail is material testimony unique to them.

**WHEREFORE**, Petitioners submit the foregoing reply to Respondents' Answer, and respectfully request that this Court grant their Rule 27 Petition, and for other relief that is just and necessary.

Respectfully submitted,

*/s/ Diane Peters*
Missouri Bar No. 54784
1600 Genessee Street, Suite 954
Kansas City, Missouri 64102
Phone: (816) 838-2285
Fax: (816) 817-3831
Email: dianepeters@dianepeterslaw.com
Attorney for Petitioners

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 17, 2025, the foregoing was filed electronically via the Court's ECF system, and by way thereof, served on all attorneys of record.

                                              */s/ Diane Peters*
                                              Diane Peters, Mo. Bar No. 54784

6

Case 4:25-mc-00691-FJG     Document 8     Filed 09/17/25     Page 6 of 6